Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900

*Attorneys for Defendants Sean Combs;*
*Daddy's House Recordings, Inc.; CeOpco, LLC*
*d/b/a Combs Global f/k/a Combs Enterprises LLC;*
*Bad Boy Entertainment Holdings, Inc.;*
*Bad Boy Productions Holdings, Inc.;*
*Bad Boy Books Holdings, Inc.; Bad Boy*
*Entertainment LLC; and Bad Boy Productions, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LEIANA RIPLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>SEAN COMBS; DADDY'S HOUSE RECORDINGS, INC.; CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC; BAD BOY ENTERTAINMENT HOLDINGS, INC.; BAD BOY PRODUCTIONS HOLDINGS, INC.; BAD BOY BOOKS HOLDINGS, INC.; BAD BOY ENTERTAINMENT LLC; BAD BOY PRODUCTIONS, LLC; ORGANIZATIONAL DOES 1-10; and INDIVIDUAL DOES 1-10,<br><br>        Defendants. | Case No. 2:26-cv-00317-SVW-AGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: April 6, 2026<br>Time: 1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................1

BACKGROND AND ALLEGATIONS OF THE COMPLAINT ...........................3

LEGAL STANDARD..........................................................................................5

ARGUMENT.......................................................................................................6

I.   THE FAC VIOLATES RULE 8 BY IMPROPER GROUP PLEADING ......6

    A.   The FAC Improperly Uses the Omnibus Term "Defendants" Without Differentiation.........................................................................7

    B.   The FAC Fails to Specify the Role of Each Defendant.......................8

    C.   The FAC Impermissibly Incorporates All Prior Allegations Into Each Claim.........................................................................................9

    D.   The Doe Allegations Independently Violate Rule 8 ..........................10

II.   THE FAC FAILS TO STATE A GENDER VIOLENCE CLAIM ..............10

    A.   The FAC Does Not Plausibly Allege Gender-Based Motivation Under Section 52.4(c)(1)....................................................................11

    B.   The FAC Does Not Plausibly Allege a "Physical Intrusion Under Coercive Conditions" Within the Meaning of Section 52.4(c)(2)......12

    C.   The Claim is Time-Barred Absent Proper Invocation of a Revival Statute...............................................................................................13

III.   A CLAIM FOR SEXUAL ASSAULT/BATTERY AGAINST MR. COMBS IS NOT STATED.......................................................................................13

    A.   The FAC Relies on Conclusory Allegations Rather Than Plausible Factual Content ................................................................................14

    B.   The Drugging Allegations And Alleged Post-2016 Alleged Incident Injuries Are Speculative and Not Sufficiently Pleaded ........14

    C.   The Claim is Time-Barred .................................................................15

IV.   NO CLAIM IS STATED AGAINST THE CORPORATE
      DEFENDANTS ................................................................................. 16

      A.    The FAC Does Not Allege That Any Corporate Defendant
            Personally Committed the Alleged Acts ............................................ 16

      B.    The FAC Does Not Plausibly Plead Aiding and Abetting Liability ... 17

      C.    The FAC Does Not Plausibly Plead Ratification ............................... 18

      D.    The Alter Ego Allegations Are Conclusory ...................................... 19

      E.    The Gender Violence Claim Fails Against the Corporate
            Defendants ...................................................................................... 19

V.    THE COURT SHOULD STRIKE SCANDALOUS AND IMMATERIAL
      ALLEGATIONS ................................................................................ 21

CONCLUSION ................................................................................................. 22

# TABLE OF AUTHORITIES

*Page(s)*

**CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...................................................................12, 14

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................13, 14

*Bianco v. Warner,*
562 F. Supp. 3d 526 (C.D. Cal. 2021) ..............................................15

*Brown v. DirecTV, LLC,*
562 F. Supp. 3d 590 (C.D. Cal. 2021) ..............................................18

*Doe v. Kachru,*
115 Cal. App. 5th 175 (Cal. Ct. App. 2025) .....................................11

*Doe v. Pasadena Hosp. Ass'n, Ltd.,*
2020 WL 1244357 (C.D. Cal. Mar. 16, 2020)..............................10, 20

*Doe v. Starbucks, Inc.,*
2009 WL 5183773 (C.D. Cal. Dec. 18, 2009)...................................20

*Dura Pharms., Inc. v. Broudo,*
544 U.S. 336 (2005)...................................................................6, 7

*Elias v. Anaya,*
2024 WL 4406803 (C.D. Cal. June 18, 2024) ..................................10

*Fantasy, Inc. v. Fogerty,*
984 F.2d 1524 (9th Cir. 1993)........................................................21

*G.P v. Sears Roebuck & Co.,*
2014 WL 12966429 (C.D. Cal. Oct. 8, 2014).....................................5

*Gerard v. Ross,*
204 Cal. App. 3d 968 (1988) .........................................................17

*Gold River LLC v. La Jolla Band of Luiseno Mission Indians,*
2011 WL 6152291 (S.D. Cal. Dec. 9, 2011)......................................16

*Greenwald v. Bohemian Club, Inc.,*
2008 WL 2331947 (N.D. Cal. June 4, 2008).....................................20

*Hill v. Bd. of Directors, Officers & Agents & Indivs. of the Peoples Coll.*
  *of Law*, 2023 WL 9420819 (C.D. Cal. June 7, 2023) ............................................9

*Hokama v. E.F. Hutton & Co., Inc.*,
  566 F. Supp. 636 (C.D. Cal. 1983) ...................................................................19

*Hollister v. Sims*,
  2026 WL 563853 (C.D. Cal. Feb. 23, 2026) ......................................................5

*Howard v. Superior Court*,
  2 Cal. App. 4th 745 (1992) ...............................................................................17

*Jacqueline R. v. Household of Faith Fam. Church, Inc.*,
  97 Cal. App. 4th 198 (2002) .............................................................................14

*Jones v. Kern High Sch. Dist.*,
  2008 WL 3850802 (E.D. Cal. Aug. 14, 2008) ...................................................20

*Lack v. Posner*,
  2023 WL 3766535 (C.D. Cal. Apr. 24, 2023) ....................................................15

*Larios v. City of Long Beach*,
  2020 WL 8574877 (C.D. Cal. Dec. 23, 2020) ...................................................10

*Maduk v. CVS Pharmacy, Inc.*,
  2023 WL 3272406 (C.D. Cal. Feb. 9, 2023) .......................................................8

*Makhani v. Wells Fargo Bank*,
  2020 WL 13368789 (C.D. Cal. Mar. 13, 2020) ...................................................6

*Melrose Place Holdings v. Socotra Opportunity Fund, LLC*,
  2022 WL 3013226 (C.D. Cal. May 31, 2022) ......................................................9

*Miller v. City of Los Angeles*,
  2014 WL 12610195 (C.D. Cal. Aug. 7, 2014) ...................................................16

*Neilson v. Union Bank of California, N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...............................................17, 18, 19

*Paradise v. State*,
  2025 WL 3029387 (C.D. Cal. Sept. 3, 2025) ...................................................6, 8

*Patagonia, Inc. v. Walmart, Inc.*,
  2023 WL 6852028 (C.D. Cal. Aug. 17, 2023) .....................................................6

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Petrosian et al. v. State Nat'l Ins. Co., et al.*,
  2025 WL 4114166 (C.D. Cal. Sept. 30, 2025) ...............................................6, 21

*Pools Int'l Ltd. v. PoolRx Worldwide, Inc.*,
  2025 WL 3718396 (C.D. Cal. Nov. 3, 2025)..................................................6

*Rafael v. One W. Bank, FSB*,
  2011 WL 13220125 (C.D. Cal. Mar. 1, 2011) ................................................5

*Robles v. Cnty. of San Diego*,
  2024 WL 3498497 (S.D. Cal. July 22, 2024) ...............................6, 10, 15

*Rydberg v. United States Postal Serv.*,
  2021 WL 1851033 (N.D. Cal. Jan. 21, 2021)..................................................12

*Shah v. Drew Chain Sec. Corp.*,
  2025 WL 1416051 (C.D. Cal. Mar. 31, 2025) ................................................18

*Sloatman v. Housewright*,
  2022 WL 4390458 (C.D. Cal. Sept. 6, 2022) ............................................7, 8

*Smith v. Compton*,
  2024 WL 5317244 (C.D. Cal. Nov. 13, 2024) ................................................7

*Sollberger v. Wachovia Secs. LLC*,
  2010 WL 2674456 (C.D. Cal. June 30, 2010).............................................7, 9

*Su v. Henry Glob. Consulting Grp.*,
  2022 WL 19392 (C.D. Cal. Jan. 3, 2022) ....................................................17

*T.A. v. Petaluma City Schs.*,
  2023 WL 8700547 (N.D. Cal. Dec. 15, 2023) ...............................................11

*Traer v. Domino's Pizza LLC*,
  2022 WL 2199940 (C.D. Cal. Jan. 26, 2022) ..................................................7

*United States v. Page*,
  116 F.4th 822 (9th Cir. 2024)..............................................................13, 15

*Yagman v. Wunderlich*,
  2021 WL 5707166 (C.D. Cal. Nov. 22, 2021)..................................................8

**STATUTES AND RULES**

Fed. R. Civ. P. 8.............................................................................*passim*

Fed. R. Civ. P. 12...........................................................................*passim*

Cal. Civ. Code § 52.4......................................................................*passim*

Cal. Civ. Code § 1708.5...................................................................*passim*

Cal. Civ. Proc. Code § 340.16..............................................................15

Defendants Bad Boy Books Holdings, Inc., Bad Boy Entertainment Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions Holdings, Inc., Bad Boy Productions, LLC, CeOpco, LLC (f/k/a Combs Enterprises LLC and d/b/a Combs Global, Daddy's House Recordings, Inc. (the "Corporate Defendants"), and Sean Combs (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss the First Amended Complaint (Dkt. No. 22) (the "FAC")) under Fed. R. Civ. P. 8 and 12.

## **PRELIMINARY STATEMENT**

This is one of at least ten civil complaints filed in late 2025 arising out of substantially the same boilerplate allegations against Sean Combs—a world-famous recording artist, producer, and businessman—and certain of his affiliated business entities.

Each of the complaints was filed in the immediate wake of Mr. Combs' highly-publicized criminal trial. Each complaint advances largely copy-pasted "background" narratives with only modest, plaintiff-specific variations. Here, Plaintiff alleges an incident from November 2016, yet waited nearly nine years to sue, filing only after the media storm associated with the wake of Combs-related litigation. Instead of a "short and plain statement" tied to her own alleged experience, Plaintiff has stitched-together a pleading designed to leverage notoriety rather than plead actionable, timely claims.

According to the FAC, Plaintiff's entire case reduces to a brief encounter at a Los Angeles nightclub on or about November 1, 2016, when Mr. Combs allegedly offered Plaintiff a drink, used profanity when she declined, and then allegedly placed his hand under her skirt and digitally penetrated her while unidentified "associates" laughed (the "Alleged 2016 Incident"). Plaintiff alleges she felt disoriented, speculates "on information and belief" that her drink was drugged, and alleges she awoke the next morning with bruising and a genital tear she says "likely" resulted from the alleged assault.

Plaintiff has sued not only Mr. Combs, but also a collection of corporate entities and Doe defendants based on conclusory assertions that they "enabled," "conspired," or are Mr. Combs' "alter ego[s]," without identifying who did what, when, or how any entity's conduct caused Plaintiff's alleged harm.

The FAC should be dismissed for multiple reasons:

*First*, it violates Rule 8 through impermissible group pleading and shotgun incorporation: it repeatedly uses omnibus labels ("Defendants," "Combs Businesses," "Combs Corporations"), fails to differentiate the conduct of any particular defendant (including any Doe), and incorporates sweeping, unrelated allegations into each claim, depriving each defendant of fair notice of the grounds on which liability is asserted.

*Second*, Plaintiff fails to state a claim for "gender violence" under Cal. Civ. Code § 52.4 against Mr. Combs because she pleads only conclusory allegations to support the statute's gender-motivation requirement under Section 52.4(c)(1), and she likewise fails to plausibly allege a "physical intrusion . . . under coercive conditions" under Section 52.4(c)(2) beyond formulaic statutory language and speculative "information and belief" assertions.

*Third*, the Section 52.4 claim is time-barred on the face of the pleading: the statute requires commencement within three years of the act, yet Plaintiff alleges a 2016 incident and filed in October 2025 without pleading tolling, delayed discovery, or any revival provision.

*Fourth*, Plaintiff fails to state a timely, plausible claim under Cal. Civ. Code § 1708.5 for sexual assault and battery because the FAC relies on conclusory characterizations and speculative add-ons (including drugging and post-event injuries pleaded only as "consistent with" and "likely"), and it fails to plead facts establishing timeliness under the applicable limitations framework, including any revival or tolling basis.

*Fifth*, the claims against the Corporate Defendants fail as a matter of law and pleading: Plaintiff alleges no direct corporate participation in the Alleged 2016

Incident; pleads no facts establishing knowledge and substantial assistance necessary for aiding-and-abetting; pleads no facts supporting ratification; and offers only threadbare, conclusory "alter ego" allegations.

*Sixth*, even if the Court were to permit any claim to proceed—and it should not—the Court should strike paragraphs 1 through 23 under Rule 12(f) because they are immaterial and scandalous "superfluous historical allegations" about other accusations and unrelated matters that do not pertain to Alleged 2016 Incident and would only prejudice Defendants and burden the litigation with irrelevant matters.

## BACKGROND AND ALLEGATIONS OF THE COMPLAINT

### A.    The Parties

"Plaintiff Leiana Ripley is a female who resides in Yuma, Arizona." (FAC ¶ 24.) Mr. Combs is a Florida resident currently residing in New York. (*Id*. ¶ 25.)  The FAC alleges "on information and belief" that Combs "owned and/or controlled" the Corporate Defendants and that those entities "enabled and conspired" with him. (*Id*. ¶¶ 25-31.)  It further alleges, in conclusory terms, that these entities are "alter ego[s]" for Combs "and/or" were "established or used by Combs for the purpose of moving, disposing of, and/or insulating his assets, including in connection with his criminal activities and to avoid liability." (*Id*. ¶¶ 27-28, 31.)

The FAC also names Organizational and Individual Does 1-10 and alleges that they "enabled and/or conspired" with Combs, but does not identify them or describe their specific conduct.  (*Id*. ¶¶ 29-30.)

### B.    The Alleged 2016 Incident

According to the FAC, "on or about November 1, 2016," Plaintiff traveled to Los Angeles to celebrate her twentieth birthday.  (*Id*. ¶ 34.)  She stayed at the Hollywood Inn Suites Hotel and "visited several clubs" that evening, including Club Playhouse.  (*Id*. ¶¶ 35-36.)  While at Club Playhouse, Mr. Combs allegedly "approached Plaintiff" while "several" of his unidentified "associates"—who are

alleged solely "on information and belief" to be "employees" of "one or more" of the Corporate Defendants—stood nearby.  (*Id*. ¶ 36.)

When Plaintiff allegedly declined a drink offered by Mr. Combs, he purportedly responded with profanity and "forcefully slid the glass toward her," after which she drank the beverage.  (*Id*. ¶¶ 38-39.)  Mr. Combs then allegedly placed his arm around Plaintiff and inserted his hand under her skirt, penetrating her with his fingers while making profane statements as "[his] associates laugh[ed] in the background."  (*Id*. ¶ 40.)  Plaintiff allegedly attempted to push Mr. Combs away and he allegedly released her.  (*Id*. ¶ 41.)

Plaintiff further alleges that she felt disoriented after leaving the club and required assistance upon returning to her hotel.  (*Id*. ¶¶ 42-44.)  "[O]n information and belief," the FAC alleges that her "symptoms were consistent with her drink being drugged."  (*Id*. ¶ 44.)  It is further alleged that Plaintiff awoke the next morning with bruising and a tear in and around her genitals.  (*Id*. ¶ 45.)

### C.    This Action

On October 3, 2025, Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles.  (Dkt. No. 1-3.)  On January 12, 2026, Defendants timely removed the action to this Court on the basis of diversity of citizenship.  (Dkt. No. 1.)  On February 20, 2026, Plaintiff amended her complaint to remove a cause of action for Negligent Supervision/Retention as well as certain other minor changes.  (*See* Dkt. No. 22-1.)

The FAC alleges claims for (i) Sexual Assault & Sexual Battery Under Cal. Civil Code § 1708.5 (Count I); and (ii) Gender Violence Under Cal. Civil Code § 52.4 (Count II).  As to Count I, the FAC alleges that Mr. Combs intended to cause harmful or offensive sexual contact and that such contact occurred without Plaintiff's consent.  (FAC ¶¶ 49-51.)  The FAC further alleges that the Corporate Defendants "ratified and/or perpetrated" the conduct and that they "enabled and conspired" with Mr. Combs by failing to supervise him, failing to implement policies, and placing him in positions

of authority.  (*Id*. ¶¶ 52, 55-58.)   The FAC also alleges that the unidentified Doe defendants similarly enabled or conspired in the conduct.  (*Id*. ¶¶ 59-60.)  Plaintiff seeks compensatory and punitive damages.  (*Id*. ¶¶ 61-62.)

As to Count II (Gender Violence), the FAC alleges that "Defendants' acts . . . constitute gender violence" and were "committed at least in part based on the gender of the victim."  (*Id*. ¶ 64.)  The FAC further alleges that the conduct involved "a physical intrusion or physical invasion of a sexual nature . . . under coercive conditions."  (*Id*. ¶ 65.)  It also alleges that the Corporate Defendants enabled and ratified the conduct through failures of supervision and policy.  (*Id*. ¶ 66.)  Plaintiff seeks damages, injunctive relief, and attorneys' fees.  (*Id*. ¶¶ 67-70.)

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *G.P v. Sears Roebuck & Co*., 2014 WL 12966429, at *1 (C.D. Cal. Oct. 8, 2014) (Wilson, J.).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  A complaint that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Rafael v. One W. Bank, FSB*, 2011 WL 13220125, at *1 (C.D. Cal. Mar. 1, 2011) (Wilson, J.).

"While the Court must accept well-pleaded factual allegations as true and construe them in the light most favorable to the non-moving party, it is not required to accept as true legal conclusions, conclusory allegations, or unwarranted deductions of fact."  *Hollister v. Sims*, 2026 WL 563853, at *2 (C.D. Cal. Feb. 23, 2026).  "[A] complaint must include non-conclusory factual content," and "the facts and the reasonable inferences drawn from those facts must show a plausible—not just a

---

[1] Unless otherwise stated, all internal citations and quotations are omitted and all emphasis is added.

possible—claim for relief." *Robles v. Cnty. of San Diego*, 2024 WL 3498497, at *5 (S.D. Cal. July 22, 2024).

"Rule 8 of the Federal Rules of Civil Procedure requires that the plaintiff set forth in the complaint a short and plain statement of the claim[s] showing that [he] is entitled to relief in order to give fair notice and to enable the opposing party to defend itself effectively." *Paradise v. State*, 2025 WL 3029387, at *6 (C.D. Cal. Sept. 3, 2025) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

Finally, Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Petrosian et al. v. State Nat'l Ins. Co.*, et al., 2025 WL 4114166, at *1 (C.D. Cal. Sept. 30, 2025). "Scandalous matters are allegations that unnecessarily reflect on the moral character of an individual or state anything in repulsive language that detracts from the dignity of the court, and include allegations that cast a cruelly derogatory light on a party or other person." *Pools Int'l Ltd. v. PoolRx Worldwide, Inc.*, 2025 WL 3718396, at *1 n.2 (C.D. Cal. Nov. 3, 2025). "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Makhani v. Wells Fargo Bank*, 2020 WL 13368789, at *1 (C.D. Cal. Mar. 13, 2020).

## **ARGUMENT**

## I.    **THE FAC VIOLATES RULE 8 BY IMPROPER GROUP PLEADING**

"Federal Rule of Civil Procedure 8 requires a plaintiff to present a short and plain statement of the claim showing that the pleader is entitled to relief." *Patagonia, Inc. v. Walmart, Inc.*, 2023 WL 6852028, at *1 (C.D. Cal. Aug. 17, 2023). The pleading

must "provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms.*, 544 U.S. at 346. "As a general rule, when a pleading fails to allege what role each Defendant played in the alleged harm, this makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Sloatman v. Housewright*, 2022 WL 4390458, at *5 (C.D. Cal. Sept. 6, 2022). "Accordingly, a complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Id*. That is precisely what the FAC does here.

### A.     The FAC Improperly Uses the Omnibus Term "Defendants" Without Differentiation

The FAC names a natural person (Mr. Combs), multiple distinct corporate entities (Daddy's House, CeOpco, and several Bad Boy companies), and Organizational and Individual Doe defendants. Yet throughout the pleading, Plaintiff repeatedly refers collectively to "Defendants," "Combs Businesses," or "Combs Corporations," without identifying which defendant allegedly engaged in what conduct. (*See, e.g.*, FAC ¶¶ 55-58, 64-66.)

This is a textbook example of "shotgun pleading." "Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Traer v. Domino's Pizza LLC*, 2022 WL 2199940, at *2 (C.D. Cal. Jan. 26, 2022). "They are unacceptable." *Sollberger v. Wachovia Secs. LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). "One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Smith v. Compton*, 2024 WL 5317244, at *5 (C.D. Cal. Nov. 13, 2024).

"This common—yet impermissible—style of pleading is precisely what is before the Court here." *Traer*, 2022 WL 2199940, at *2. The FAC's core allegations

1  regarding the Alleged 2016 Incident concern conduct allegedly taken by Mr. Combs at
2  a nightclub.  (FAC ¶¶ 36-41.)  But when the pleading turns to liability, it repeatedly
3  asserts—without differentiation—that "Defendants committed" gender violence (*id*.
4  ¶ 64), that "Defendants' conduct" caused harm (*id*. ¶ 67), and that "Defendants' acts"
5  were motivated by gender (*id*. ¶ 64).  "Allegations such as these fail to put each
6  individual Defendant on notice of the claims against him or her and thus fail to comply
7  with Rule 8."  *Paradise*, 2025 WL 3029387, at *6 ("blanket allegations against all or
8  nearly all Defendants" are impermissible).

9    **B.    The FAC Fails to Specify the Role of Each Defendant**

10      Rule 8 requires Plaintiff to "clearly state:  (i) what each Defendant—including,
11  separately, each Doe Defendant, if any—did to cause Plaintiff harm; (ii) when and
12  where each Defendant committed the alleged acts; (iii) what harm resulted from each
13  Defendant's alleged acts; and (iv) what . . . statute . . . each Defendant violated."  *See*
14  *Maduk v. CVS Pharmacy, Inc*., 2023 WL 3272406, at *5 (C.D. Cal. Feb. 9, 2023).
15  "[T]he fact that each Defendant may have 'played some role'" is insufficient and "does
16  not mean that they all engaged in the same conduct in the same way with respect to
17  each of Plaintiff's claims."  *Yagman v. Wunderlich*, 2021 WL 5707166, at *3 (C.D.
18  Cal. Nov. 22, 2021), *aff'd*, 2022 WL 2800816 (9th Cir. July 18, 2022).

19      The FAC does not (i) identify which Corporate Defendant employed any alleged
20  "associate" present at the nightclub (FAC ¶ 36); (ii) identify which Corporate
21  Defendant allegedly "fail[ed] to supervise" (*id*. 57); (iii) identify which Corporate
22  Defendant allegedly "ratified" any conduct (*id*. ¶¶ 52, 66); or (iv) explain how any
23  particular entity's conduct caused Plaintiff's alleged injuries.  Instead, Plaintiff relies
24  on catch-all allegations that the Corporate Defendants "enabled and conspired" with
25  Mr. Combs (*id*. ¶ 55-60) and that they are his "alter ego[s]" (*id*. ¶¶ 27-28, 31).  But as
26  courts in this District have recognized, "the FAC's repeated use of the words
27  'conspired' and 'conspiracy'" without factual differentiation constitutes "nothing more
28  than labels and conclusions and violate[s] Rule 8."  *Sloatman*, 2022 WL 4390458, at

1    \*5.  Such allegations deprive each Defendant of knowing "exactly what they are

2    accused of doing wrong" and this defect "alone warrants dismissal."  *Sollberger*, 2010

3    WL 2674456, at \*4-5.

4        **C.    The FAC Impermissibly Incorporates All Prior Allegations Into**

5              **Each Claim**

6        Each of Plaintiff's causes of action incorporates by reference "the allegations

7    contained in the preceding paragraphs."  (FAC ¶¶ 48, 63.) This results in a pleading in

8    which expansive allegations regarding unrelated lawsuits, criminal proceedings, and

9    historical conduct (*id.* ¶¶ 1-23) are swept wholesale into each statutory claim.  Courts

10   have repeatedly held that this form of incorporation contributes to shotgun pleading.

11   *See*, *e.g.*, *Hill v. Bd. of Directors, Officers & Agents & Indivs. of the Peoples Coll. of*

12   *Law*, 2023 WL 9420819, at \*3 (C.D. Cal. June 7, 2023) ("One common type of shotgun

13   pleading . . . is where the plaintiff recites a collection of general allegations toward the

14   beginning of the Complaint, and then each count incorporates every antecedent

15   allegation by reference . . . This shotgun pleading style deprives Defendants of knowing

16   exactly what they are accused of doing wrong."); *Melrose Place Holdings v. Socotra*

17   *Opportunity Fund*, LLC, 2022 WL 3013226, at \*5 (C.D. Cal. May 31, 2022)

18   (complaint using "the omnibus term 'Defendants' to allege misconduct without

19   differentiation" with "each and every claim incorporat[ing] by reference all preceding

20   paragraphs without specificity" "falls squarely into the category of an impermissible

21   shotgun pleading."); *Sollberger*, 2010 WL 2674456, at \*4-5 (shotgun pleading

22   whereby each count incorporates every antecedent allegation by reference "alone

23   warrants dismissal").

24       By incorporating every antecedent allegation—including those concerning

25   unrelated individuals and periods—into each cause of action, the FAC forces

26   Defendants to guess which facts purportedly support which elements of which claim.

27   This violates the requirement of clarity and fair notice under Rule 8.

28

1

### D.    The Doe Allegations Independently Violate Rule 8

2      The FAC also names Organizational Does 1-10 and Individual Does 1-10, but

3   then does not identify them or allege specific acts attributable to each of them.  (FAC

4   ¶¶ 29-30, 59- 60.)  "To state claims against Doe Defendants, Plaintiff must articulate,

5   at the very least, what conduct each respective Doe Defendant is responsible for and

6   how such conduct violated Plaintiff's rights."  *Elias v. Anaya*, 2024 WL 4406803, at

7   *4 n.3 (C.D. Cal. June 18, 2024); *see also Robles*, 2024 WL 3498497, at *5 ("Plaintiffs

8   may refer to unknown defendants as 'Does' at the pleading stage but Rule 8

9   nevertheless requires a plaintiff to allege specific facts showing how each particular

10  Doe defendant violated the plaintiff's rights.").

11     The FAC contains no such essential allegations.  It merely alleges that the Doe

12  defendants "enabled" or "conspired" in doing something unidentified.  (FAC ¶¶ 59-

13  60.) That is insufficient under Rule 8 and warrants dismissal of the Doe defendants.

14  ## II.   <u>THE FAC FAILS TO STATE A GENDER VIOLENCE CLAIM</u>

15     The Second Claim for Relief against Mr. Combs purports to allege  "gender

16  violence" under Cal. Civ. Code § 52.4.  "A claim for gender violence may be

17  established either of two ways.  First, the act or acts constitute a criminal offense under

18  state law where the defendant used or threatened to use physical force against the

19  plaintiff at least in part based on the gender of the victim.  Cal. Civ. Code § 52.4(c)(1).

20  Second, the defendant committed a physical intrusion or physical invasion of a sexual

21  nature under coercive conditions, whether or not those acts resulted in criminal charges.

22  Id. § 52.4(c)."  *Doe v. Pasadena Hosp. Ass'n, Ltd*., 2020 WL 1244357, at *7 (C.D. Cal.

23  Mar. 16, 2020); *see also Larios v. City of Long Beach*, 2020 WL 8574877, at *8 (C.D.

24  Cal. Dec. 23, 2020) (same).

25     The FAC fails to plausibly plead a claim under either prong.

26

27

28

**A.    The FAC Does Not Plausibly Allege Gender-Based Motivation Under Section 52.4(c)(1)**

The FAC does not plausibly allege gender-based motivation under Section 52.4(c)(1), which requires Plaintiff to allege that the act was committed "at least in part because of the gender of the victim."   Cal. Civ. Code § 52.4(c)(1).   This gender-motivation element is not satisfied by merely alleging sexual conduct.   *See Doe v. Kachru*, 115 Cal. App. 5th 175, 198 (Cal. Ct. App. 2025) (Section 52.4 "is not [] directed at individuals who perpetrate or threaten to perpetrate violence simply for the sake of engaging in violence or as a mindless and random act.")   Rather, the statute requires factual content showing that the use of force occurred because of the plaintiff's gender.   *Id*. at 198 (holding that "simply  because a victim of violence happens to be an individual whose attributes come within the definitional provisions of ['gender' under Section 52.4] does not, in and of itself, suffice to state a . . . claim for gender violence," and affirming dismissal of gender violence claim where plaintiff failed to adequately plead that the defendant committed the acts in question because of the victim's gender).

The FAC does not meet this requirement.   While Plaintiff recites statutory language that the alleged acts were committed "based on the gender of the victim" (FAC ¶ 64), she does not allege any non-conclusory facts supporting that legal conclusion.   And although the alleged statements attributed to Mr. Combs contain profanity ("bitch" (*id*. ¶ 40)), those statements do not reference Plaintiff's gender, and courts in this Circuit have held that that same language is insufficient to plausibly allege that the alleged use of force was motivated by a victim's gender for purposes of the gender violence statute.   *T.A. v. Petaluma City Schs*., 2023 WL 8700547, at *1 (N.D. Cal. Dec. 15, 2023) ("Nor is the fact that the defendants called the plaintiff a bitch enough to plausibly allege the physical force was based 'on the gender of the victim' [under] Cal. Civ. Code § 52.4(c)(1).").

The FAC fails to allege any statement reflecting gender-based animus, discriminatory comments, or factual context suggesting that the alleged conduct occurred because Plaintiff is female rather than as part of an alleged personal interaction.  Instead, Plaintiff attempts to rely on generalized allegations of prior conduct involving other individuals and unrelated lawsuits to assert that Mr. Combs has a "history" demonstrating gender motivation.  (*See* FAC ¶¶ 8-23.)  But Rules 8 and 12(b)(6) require factual allegations tied to *this Plaintiff* and *this incident*.  Conclusory recitations that conduct was "motivated by gender," unsupported by factual enhancement, are insufficient.  *See Rydberg v. United States Postal Serv.*, 2021 WL 1851033, at *8 (N.D. Cal. Jan. 21, 2021) ("Referencing the elements of the statute and describing a generalized pattern of harassment is not sufficient to state a claim for gender violence.  Plaintiff must link specific facts to the required elements of the statute.").

## B.    The FAC Does Not Plausibly Allege a "Physical Intrusion Under Coercive Conditions" Within the Meaning of Section 52.4(c)(2)

Under 54.4(c)(2), a plaintiff may alternatively plead "a physical intrusion or physical invasion of a sexual nature under coercive conditions."  Cal. Civ. Code § 52.4(c)(2).  While the FAC alleges an unwanted sexual touching (FAC ¶ 40), it does not plausibly plead coercive conditions beyond conclusory assertions.

The FAC alleges that Plaintiff initially declined a drink, that Mr. Combs used profanity, and that she drank the beverage offered.  (*Id*. ¶¶ 38-39.)  It further alleges, "on information and belief," that her symptoms were consistent with being drugged. (*Id*. ¶ 44.)  However, the FAC does not allege that Plaintiff observed any substance being added to her drink, does not allege medical testing, and does not allege specific factual content establishing incapacitation at the time of the alleged contact.  The speculative drugging theory is asserted only "on information and belief." (*Id*. ¶ 44.) Under federal pleading standards, the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" do not suffice.  *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009). The FAC must include non-conclusory factual content making the existence of coercive conditions plausible, not merely possible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

The FAC describes a brief encounter in a public nightclub. It does not allege any restraint, threats of violence, use of a weapon, confinement, or other objective coercive circumstances beyond conclusory characterizations. The bare assertion that the contact occurred "under coercive conditions" (FAC ¶ 65) is a formulaic recitation of the statutory language, which is plainly insufficient under Rules 8 and 12.

### C. The Claim is Time-Barred Absent Proper Invocation of a Revival Statute

"[C]ourts may dismiss a complaint on statute of limitations grounds . . . when the running of the statute is apparent on the face of the complaint." *United States v. Page*, 116 F.4th 822, 829 (9th Cir. 2024). Section 52.4 provides that "[a]n action brought pursuant to this section shall be commenced within three years of the act." Cal. Civ. Code § 52.4. The FAC alleges that the Alleged 2016 Incident occurred "on or around November 1, 2016." (FAC ¶ 34.) Plaintiff filed the original complaint on October 3, 2025—almost ***nine years*** later. (ECF No. 1-3). The FAC does not allege any tolling, delayed discovery, statutory revival, or any other facts bringing this claim within the three-year limitations period. On that basis alone, the gender violence claim should be dismissed.

### III. A CLAIM FOR SEXUAL ASSAULT/BATTERY AGAINST MR. COMBS IS NOT STATED

Even accepting all well-pleaded facts as true, the FAC does not plausibly plead a timely and legally sufficient claim for sexual assault under Cal. Civ. Code § 1708.5 and applicable federal pleading standards.

**A.     The FAC Relies on Conclusory Allegations Rather Than Plausible Factual Content**

"A cause of action for sexual battery under Civil Code section 1708.5 requires [that] the batterer intend to cause a 'harmful or offensive' contact and the batteree suffer a 'sexually offensive contact.'" *Jacqueline R. v. Household of Faith Fam. Church, Inc.*, 97 Cal. App. 4th 198, 208 (2002).

Although the FAC alleges that Mr. Combs inserted his hand under Plaintiff's skirt and penetrated her with his fingers (FAC ¶ 40), it does not provide additional factual context supporting the key elements of the statute.  For example, the FAC does not allege the duration of the alleged contact; whether Plaintiff verbally objected; whether security or other individuals intervened; whether the alleged contact was reported contemporaneously; or whether medical treatment was sought.  Moreover, while the FAC repeatedly characterizes the encounter as "forceful[]" and "violent" (*id.* ¶¶ 1, 40), those characterizations are legal conclusions unless supported by additional factual detail.  Under *Twombly* and *Iqbal*, the Court must distinguish between factual allegations and legal conclusions.  The pleading offers no objective facts describing force beyond the alleged insertion of a hand, which cannot be discerned from the pleading whether it was blocked, rejected, or otherwise viewed as unwelcome.

The plausibility standard requires more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678-79.  The FAC provides a brief narrative, but no surrounding factual content to make the scope, severity, or circumstances of the alleged contact plausible beyond speculation.

**B.     The Drugging Allegations And Alleged Post-2016 Alleged Incident Injuries Are Speculative and Not Sufficiently Pleaded**

The FAC attempts to augment the sexual battery claim by alleging that Plaintiff's drink was drugged. (FAC ¶ 44.) This allegation is pleaded solely "on information and belief" and is unsupported by factual detail.  The FAC does not allege, for example, whether Plaintiff observed any substance being added to her drink; whether she

retained the beverage for testing; whether she sought a toxicology report; or that any medical professional diagnosed her as having been drugged.   Speculation that symptoms were "consistent with" being drugged (*id*. ¶ 44) is insufficient.  *See Robles*, 2024 WL 3498497, at *5 ("mere possibility of misconduct" does not suffice).   If Plaintiff's theory of incapacitation or heightened injury depends on drugging, that theory is not plausibly alleged and should be disregarded at the pleading stage.

Similarly, the FAC alleges that Plaintiff awoke with "bruising and a tear," "likely resulting from the assault."  (FAC ¶ 45.)  The use of the word "likely" underscores the speculative nature of this allegation.   Plaintiff does not allege a contemporaneous medical examination, any documentation of  her alleged injury, or any diagnosis linking her alleged injuries to the Alleged 2016 Incident.   While causation is often a factual question, Rule 8 requires non-conclusory factual content making causation plausible, and dismissal is warranted if causation is an essential element of a plaintiff's claim.  *See Lack v. Posner*, 2023 WL 3766535, at *12 (C.D. Cal. Apr. 24, 2023).

### C.    The Claim is Time-Barred

"[C]ourts may dismiss a complaint on statute of limitations grounds  . . . when the running of the statute is apparent on the face of the complaint."  *Page*, 116 F.4th at 829.   Sexual assault claims under Section 1708.5 are governed by the two-year limitations periods set forth in California Code of Civil Procedure § 340.16.  *See Bianco v. Warner*, 562 F. Supp. 3d 526, 531 (C.D. Cal. 2021).   While the Legislature has amended that statute and provided certain revival windows for sexual assault claims, a plaintiff must plead facts establishing timeliness or applicability of any revival provision.  The FAC does not identify the statute of limitations on which Plaintiff relies, and does not plead delayed discovery, tolling, or compliance with any revival statute. Plaintiff cannot rely on silence regarding timeliness of an asserted claim to survive Rule 12(b)(6).  If she intends to invoke a revival statute, then the basis for it must be pleaded.  The absence of any such allegation renders the claim dismissible.

## IV.    <u>NO CLAIM IS STATED AGAINST THE CORPORATE DEFENDANTS</u>

Although the FAC purports to assert both causes of action against an undifferentiated collection of Corporate Defendants, it does not plead facts plausibly connecting any Corporate Defendant to the Alleged 2016 Incident.  Instead, Plaintiff relies on conclusory allegations that the corporate entities "enabled," "conspired," or "ratified" the conduct and that they are Mr. Combs's "alter egos."  (*See*, *e.g.*, FAC ¶¶ 27-31, 55-60, 66.)  These allegations are insufficient under Rules 8 and 12(b)(6).

### A.    The FAC Does Not Allege That Any Corporate Defendant Personally Committed the Alleged Acts

Although the two causes of action arise from an alleged encounter between Plaintiff and Mr. Combs at the Club Playhouse nightclub (FAC ¶¶ 36-41), the FAC does not allege that any Corporate Defendant was present at the nightclub, owned or operated the nightclub, or directly participated in the alleged misconduct.  Instead, the FAC alleges only that unnamed "associates" were present and speculates, "on information and belief," that they were employees of one or more of the Corporate Defendants.  (FAC ¶ 36.) The FAC does not identify those individuals, does not identify which entity allegedly employed them, and does not describe any conduct they engaged in that contributed to the Alleged 2016 Incident.

Speculative allegations made "on information and belief," without supporting factual content, do not state a plausible claim for relief.  *See Miller v. City of Los Angeles*, 2014 WL 12610195, at *5 (C.D. Cal. Aug. 7, 2014) (a plaintiff cannot avoid dismissal for failure to state a claim "simply by slapping the 'information and belief' label onto speculative or conclusory allegations."); *Gold River LLC v. La Jolla Band of Luiseno Mission Indians*, 2011 WL 6152291, at *2 (S.D. Cal. Dec. 9, 2011) ("Conclusory allegations, especially those made upon information and belief, do not suffice.").

The FAC fails to plead direct liability against any Corporate Defendant.

**B.    The FAC Does Not Plausibly Plead Aiding and Abetting Liability**

The FAC repeatedly states that the Corporate Defendants "enabled and conspired" with Mr. Combs.  (FAC ¶¶ 55-60.)  "Under California law, liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person."  *Neilson v. Union Bank of California, N.A*., 290 F. Supp. 2d 1101, 1118 (C.D. Cal. 2003).  The FAC pleads neither element.

First, the FAC does not allege facts showing that any Corporate Defendant had actual knowledge that Mr. Combs would engage in the alleged misconduct.  "To satisfy the knowledge prong, the defendant must have actual knowledge of the specific primary wrong the defendant substantially assisted."  *Su v. Henry Glob. Consulting Grp*., 2022 WL 19392, at *5 (C.D. Cal. Jan. 3, 2022).  Plaintiff relies on generalized allegations about purported historical conduct and other lawsuits involving third parties.  (FAC ¶¶ 8-23.)  Those allegations do not plausibly establish that any Corporate Defendant knew about or facilitated the alleged encounter with Plaintiff.  *See Neilson*, 290 F. Supp. 2d at 1119 (aiding and abetting liability under California law requires "actual knowledge of the primary violation"); *Howard v. Superior Court*, 2 Cal. App. 4th 745, 749 (1992) ("while aiding and abetting may not require a defendant to agree to join the wrongful conduct, it necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act"); *Gerard v. Ross*, 204 Cal. App. 3d 968, 983 (1988) ("A defendant can be held liable as a cotortfeasor on the basis of acting in concert only if he or she knew that a tort had been, or was to be, committed, and acted with the intent of facilitating the commission of that tort").

1    Second, the FAC does not allege any substantial assistance by the Corporate
2  Defendants.   To satisfy this element, Plaintiff must show that the Corporate
3  Defendants' "assistance was a substantial factor in causing the harm suffered," *Neilson*,
4  290 F. Supp. 2d at 1135, and must "plead the specific acts or omissions that comprise
5  the necessary substantial assistance." *Su*, 2022 WL 19392, at *5.  The FAC does not
6  allege that any of the Corporate Defendants arranged the purported nightclub encounter
7  with Plaintiff, directed any employee to assist Mr. Combs, or otherwise participated in
8  the alleged misconduct.  The only allegation offered is the presence of unidentified
9  "associates" (which is itself speculative and pled without particularity).  (FAC ¶ 36.)
10 That vague and conclusory assertion is insufficient.  *See Su*, 2022 WL 19392, at *5
11 (failure to "describe with any degree of particularity how [Defendant] substantially
12 assisted" in the alleged misconduct or how Defendant "was a substantial factor in
13 causing [the] injury" fails to state a claim for aiding and abetting).

14    **C.    The FAC Does Not Plausibly Plead Ratification**

15    The FAC alleges that the Corporate Defendants "ratified" Mr. Combs's conduct.
16 (FAC ¶¶ 52, 66.)  "Ratification occurs when the principal accepts the benefit of the
17 agent's act either with actual knowledge of the material facts or with knowledge of
18 facts that would have led a reasonable person to investigate further."  *Brown*
19 *v. DirecTV, LLC*, 562 F. Supp. 3d 590, 610 (C.D. Cal. 2021).  The employer must
20 "demonstrate[] an intent to adopt or approve oppressive, fraudulent, or malicious
21 behavior by an employee in the performance of his job duties."  *Shah v. Drew Chain*
22 *Sec. Corp.*, 2025 WL 1416051, at *16 (C.D. Cal. Mar. 31, 2025).  No such allegations
23 are presented in the FAC.

24    The FAC nowhere alleges that any Corporate Defendant learned of the Alleged
25 2016 Incident, investigated it, approved it, or otherwise adopted the conduct after-the-
26 fact.  Instead, it simply alleges that the entities ratified the conduct because they
27 purportedly failed to supervise Mr. Combs or implement policies to prevent
28 misconduct.  (FAC ¶¶ 56-58.)  These allegations are legal conclusions.  A bare

1   assertion that a defendant "ratified" conduct—without factual allegations describing

2   knowledge and approval—plainly fails to satisfy Rule 8.

3       **D.    The Alter Ego Allegations Are Conclusory**

4       The FAC alleges that the Corporate Defendants are "alter egos" of Mr. Combs

5   and were used to "move, dispose of, and/or insulate his assets." (FAC ¶¶ 27-28, 31.)

6   These allegations are likewise conclusory.  To properly plead alter ego liability under

7   California law, "two elements must be alleged:  First, there must be such a unity of

8   interest and ownership between the corporation and its equitable owner that the

9   separate personalities of the corporation and the shareholder do not in reality exist.

10  Second, there must be an inequitable result if the acts in question are treated as those

11  of the corporation alone."  *Neilson*, 290 F. Supp. 2d at 1115.

12      The FAC alleges neither of these elements with specificity.  It does not plead

13  facts regarding commingling of funds, disregarding of corporate formalities,

14  undercapitalizing, or other circumstances supporting any unity of interest.  Nor does it

15  plead facts showing how recognizing the corporate form would result in an inequitable

16  outcome.  Instead, the FAC just labels the entities as "alter egos." (FAC ¶¶ 27-28.)

17  "Conclusory allegations of 'alter ego' status" such as these "are insufficient to state a

18  claim.  Rather, a plaintiff must allege specifically both of the elements of alter ego

19  liability, as well as facts supporting each."  *Neilson*, 290 F. Supp. 2d at 1116; *see also*

20  *Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983) ("If

21  plaintiffs wish to pursue such a theory of liability, they must allege the elements of the

22  doctrine.  Conclusory allegations of alter ego status such as those made in the present

23  complaint are not sufficient.").

24      **E.    The Gender Violence Claim Fails Against the Corporate Defendants**

25      The gender violence claim against the Corporate Defendants is foreclosed by

26  Cal. Civ. Code § 52.4(e), which provides that "this section does not establish any civil

27  liability of a person because of his or her status as an employer, unless the employer

28  personally committed an act of gender violence."  Courts applying this provision have

repeatedly held that a corporate employer cannot be held liable under the statute based on theories of ratification, respondeat superior, or other forms of derivative liability. *E.g.*, *Pasadena Hosp.*, 2020 WL 1244357, at *8 (holding that "Section 52.4(e) of the California Civil Code exempts employers from liability on a claim of gender violence for the acts of their employees" and dismissing gender violence claim against hospital and medical staff in the absence of allegations that the employer itself personally committed the acts); *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *10-11 (C.D. Cal. Dec. 18, 2009) (holding that statutory requirement that defendant "personally committed an act of gender violence" forecloses liability based on ratification and therefore rejecting gender violence claim against Starbucks); *Jones v. Kern High Sch. Dist.*, 2008 WL 3850802, at *29 (E.D. Cal. Aug. 14, 2008) (granting dismissal of Section 52.4 claim "[g]iven the absence of any authority supporting the cause of action and the proscription against vicarious liability"); *Greenwald v. Bohemian Club, Inc.*, 2008 WL 2331947, at *7 (N.D. Cal. June 4, 2008) (holding no liability established "unless the employer personally committed an act of gender violence").

The FAC does not—and cannot—allege that any Corporate Defendant personally committed the alleged misconduct.  It alleges that the encounter occurred between Plaintiff and Mr. Combs in a nightclub.  (FAC ¶¶ 36-41.)  The Corporate Defendants are not alleged (beyond conclusory allegations on "information and belief," deficient for the reasons at §§ IV.A-D, *supra*.) to have been present, to have participated in the alleged misconduct, or to have otherwise personally engaged in any physical act against Plaintiff.

Instead, Plaintiff relies exclusively on derivative theories, asserting that the Corporate Defendants "enabled," "failed to supervise," or "ratified" Mr. Combs' misconduct.  (FAC ¶¶ 56-58, 66.)  But as the authorities identified above establish, Section 52.4 explicitly forecloses liability on precisely those theories.  Ratification and other forms of vicarious liability cannot substitute for the statutory requirement that the defendant personally commit the act of gender violence.

Because the FAC alleges that the misconduct was committed by Mr. Combs alone, and pleads no facts showing that any Corporate Defendant personally committed an act of gender violence, the Section 52.4 claim fails as a matter of law and must be dismissed as to the Corporate Defendants.

## V.   THE COURT SHOULD STRIKE SCANDALOUS AND IMMATERIAL ALLEGATIONS

Nearly an entire third of the FAC (¶¶ 1-23) is devoted exclusively to allegations describing unrelated lawsuits, third party accusations, and generalized commentary regarding Mr. Combs's purported reputation and history.  These allegations do not concern Plaintiff, the Alleged 2016 Incident, or any conduct directed at Plaintiff. Instead, they recount alleged incidents involving entirely different individuals, occurring at different times and places.  They do not establish any element of Plaintiff's claims for sexual battery or gender violence, which turn on the specific conduct alleged to have occurred between Plaintiff and Combs.  Nor do they establish liability for the Corporate Defendants, whose alleged connection to the Alleged 2016 Incident is already attenuated.

Thus, to the extent the Court sustains any of portion of the FAC, allowing this action to proceed, paragraphs 1-23 of the FAC should be stricken under Rule 12(f) because they are both "immaterial" ("matter that . . . has no essential or important relationship to the claim for relief or the defenses being pleaded"), "impertinent" ("statements that do not pertain, and are not necessary, to the issues in question"), and "scandalous" ("allegations that unnecessarily reflect on the moral character of an individual").  *Petrosian*, 2025 WL 4114166, at *1.

"Superfluous historical allegations," like those alleged here, "are a proper subject of a motion to strike." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (district court may properly strike lengthy, stale, and previously litigated factual allegations in order to streamline action), *rev'd on other grounds*, 510 U.S. 517 (1994). Accordingly, the Court should strike all such scandalous and immaterial allegations.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the FAC in its entirety. In the alternative, the Court should dismiss all claims against the Corporate Defendants and Doe Defendants, and strike paragraphs 1 through 23 of the FAC pursuant to Rule 12(f). Defendants further request such other and further relief as the Court deems just and proper.

Dated: March 5, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____
Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants*

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,903 words, inclusive of headings and exclusive of the caption, prefatory tables, the signature block, and this statement, which complies with the word limit of L.R. 11-6.1.

Dated:  March 5, 2026                          /s/ Michael Schonbuch

                                                      _____
                                                      Michael Schonbuch
                                                      Lilah N. Cook